**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

| | |
|---|---|
| Julio Parrales and Juan Ramon Valdivia, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. - | **COMPLAINT** |
| NY Metal Design Inc. and John Zhou, | |
| Defendants. | |

Plaintiffs Julio Parrales and Juan Ramon Valdivia, by and through their undersigned attorneys, for their complaint against defendants NY Metal Design Inc. and John Zhou, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs Julio Parrales, former employee of defendants NY Metal Design Inc. and John Zhou, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated

damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiffs further complains that they are entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Julio Parrales is an adult individual residing in the Richmond Hill, New York.

4. Mr. Parrales consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Plaintiff Juan Ramon Valdivia is an adult individual residing in the Woodhaven, New York.

6. Mr. Valdivia consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

7. Defendant NY Metal Design Inc., is a domestic business corporation organized under the laws of the State of

New York (hereinafter referred to as "NY Metal Design") with a registered business address of 134-04 33th Ave Flushing, NY 11354.

8. Defendant NY Metal Design Inc. owns and operates a steel fabrication company in New York City, located at Flushing, Queens.

9. At all relevant times, defendant NY Metal Design Inc. was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, defendant NY Metal Design Inc. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief, at all relevant times, defendant NY Metal Design Inc. has had gross revenues in excess of $500,000.00.

12. Upon information and belief, at all relevant times herein, defendant NY Metal Design Inc. has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13. Defendant John Zhou is an owner or part owner and principal of NY Metal Design Inc., who has the power to hire

and fire employees, set wages and schedules, and maintain their records.

14. At all relevant times, Defendant John Zhou was involved in the day-to-day operations of NY Metal Design Inc. and played an active role in managing the business.

15. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## FACTS

18. At all relevant times herein, the defendants owned and operated NY Metal Design Inc., a steel and metal fabrication business located in Flushing, New York.

19. Plaintiff Julio Parrales was employed at NY Metal Design Inc. approximately January 2014 until August 2021.

20. Mr. Parrales was employed by Defendants as a welder and painter.

21. Mr. Parrales's work was performed in the normal course of defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

22. At all relevant times herein, Mr. Parrales was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

23. During his employment by Defendants, Mr. Parrales worked a regular schedule of six days per week, as follows: on Mondays to Friday, from 8:30 a.m. until 5:30 p.m., and on Saturdays from 8:00 a.m. until 5:00 p.m., with Sundays off.

24. As a result, he typically worked approximately 48 hours per week during his employment by the defendants.

25. During his employment by Defendants, if Mr. Parrales worked after 5:30 p.m. from Monday to Friday, for each additional hour he would receive $30.

26. Mr. Parrales was not paid for any extra hours on Saturday when he worked past 5:30 p.m.

27. When Mr. Parrales was hired by Defendants in 2014, defendant promised to pay him $140 per day.

28. Mr. Parrales was paid weekly in cash until June 2020, after which time he was paid partly in cash and partly by check.

29. Defendants increased Mr. Parrales's daily rate from $140 in 2014 to $150 per day in 2015; $155 per day in 2016; $160 in 2017; $165 per day in 2018; and $170 per day in 2019, 2020 and 2021.

30. In addition, the defendants failed to Plaintiff Parrales any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

31. Plaintiff Juan Ramon Valdivia was employed at NY Metal Design Inc. approximately July 2014 until March 12, 2021.

32. Mr. Valdivia was employed by Defendants as a welder and painter.

33. Mr. Valdivia's work was performed in the normal course of defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

34. At all relevant times herein, Mr. Valdivia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

35. During his employment by Defendants, Mr. Valdivia typically worked a regular schedule of six days per week, as follows: on Mondays to Friday, from 8:30 a.m. until 5:30 p.m., and on Saturdays from 8:00 a.m. until 5:00 p.m., with Sundays off.

36. Each week, Mr. Valdivia continued working past 5:30 p.m. once or twice per week for a total of approximately three hours in addition to his regular daily shift.

37. Approximately twice per month, Mr. Valdivia began his daily shift early, beginning at 7 a.m. instead of 8 a.m.

38. Approximately one week per month, Mr. Valdivia had Saturday off, and only worked five days per week.

39. All of the above schedule variations were at the instructions of John Zhou.

40. Consequently, Mr. Valdivia typically worked approximately 51 hours per week during his employment by the defendants; except that during the weeks he had Saturday off he worked only 43 hours per week.

41. During the weeks when he would begin his shift at 7 a.m., instead of 8 a.m. Mr. Valdivia worked approximately

7

52 hours per week, or 44 hours per week, depending upon whether he had Saturday off during that particular week.

42. When Mr. Valdivia was hired by Defendants in 2014, Defendants paid him based on a day rate of $135 per day.

43. Mr. Valdivia was paid weekly in cash until June 15, 2020, when he began to be paid partly in cash and partly by check.

44. Defendants increased Mr. Parrales's daily rate of pay from $135 in 2014 to $150 in 2015; to $160 per day in 2016 through the end of his employment by Defendants.

45. Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

46. Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

47. Defendants failed to provide Plaintiffs with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each

8

plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

48. Defendants failed to provide Plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

49. Throughout the periods of Plaintiffs' employment, the defendants have employed Plaintiffs in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50. Throughout Plaintiffs' employment by Defendants, Defendants applied these employment policies, practices, and procedures to Plaintiffs, including policies, practices, and procedures with respect to the payment of overtime.

51. While the defendants employed the plaintiffs, the defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

52. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

9

53. At all relevant times, the defendants employed Plaintiffs within the meaning of the FLSA.

54. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

55. As a result of defendants' willful failure to compensate their employees, including Plaintiffs, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57. Due to the defendants' FLSA violations, Plaintiffs are entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law - Overtime)**

58. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

61. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62. Due to the defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(New York Labor Law – Wage Theft Prevention Act)**

63. Plaintiffs repeat, reallege, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

66. Defendants willfully violated Plaintiffs' rights by failing to provide thems with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

67. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are entitled to recover from the defendant's statutory damages of $250 per day, for each day by the defendant of his employment by the defendants, up to the maximum statutory damages.

68. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the defendant's

12

statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

    e. Liquidated damages for the defendants' New York Labor Law violations;

    f. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

    g. Back pay;

    h. Punitive damages;

    i. An award of prejudgment and postjudgment interest;

    j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    k. Such other, further, and different relief as this Court deems just and proper.

Dated: September 23, 2022

>  /s/ Michael Samuel
>  Michael Samuel (MS 7997)
>  THE SAMUEL LAW FIRM
>  1441 Broadway
>  Suite 6085
>  New York, New York 10018
>  (212) 563-9884
>  *Attorneys for Plaintiffs*

14